UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

Nordica Soho LLC,                                               Case No. 16-11856 (SCC)

                              Debtor.
------------------------------------------------------------x

## ORDER APPROVING BIDDING PROCEDURES FOR PUBLIC AUCTION SALE

        Nordica Soho LLC (the "Debtor"), having retained Maltz Auctions, Inc., d/b/a Maltz Auctions ("Maltz") to conduct a public auction sale, hereby seeks to obtain approval of the Bidding Procedures and Terms and Conditions of Sale annexed hereto as Exhibit "A" (the "Bidding Procedures") to be used in connection with the marketing and sale (the "Auction") of the Debtor's real property at 182-186 Spring Street, New York, New York, (the "Property") pursuant to §§ 363 and 1123 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and it appearing that the Bidding Procedures are reasonable and appropriate:

        **NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

        1.    The Bidding Procedures, as set forth in Exhibit "A" hereto and incorporated herein by reference, are hereby approved and shall govern the solicitation of bids relating to the Auction of the Property.

        2.    The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

        3.    The Property shall be sold (the "Sale") free and clear of all claims, liens, taxes, notices of pendency, permitted encumbrances and other adverse interests to the extent permitted by Sections 363(b) and (f) and 1123(a)(5)(D) of the Bankruptcy Code in accordance with the Bidding Procedures with such claims, liens, permitted encumbrances and interests to

attach to the sale proceeds with the same extent, validity and priority, if any, as such lien, encumbrance, or interest now has with respect to the Property.

      4.      The Auction shall be held on February 15, 2017 at 2:00 p.m. at a downtown location designated by Maltz.

      5.      The Debtor recognizes the rights of 182 Spring Street Lender LLC (the "Lender") and 182 Spring Street Associates (the "Judgement Creditor") to make a credit bid at the Auction pursuant to 11 U.S.C. §363(k) in an amount agreed to by the Debtor and the Lender or Judgment Creditor, as applicable by January 27, 2017, or absent such agreement, by further Order of the Court upon motion by the Debtor.

      6.      The Debtor shall file a notice of the winning bid and the results of the Auction on the Court's docket within one business day after the completion of the Auction.

      7.      A combined hearing (the "Combined Hearing") shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge at the United States Bankruptcy Court, Courtroom 623, One Bowling Green, New York, New York 10004 on February 21, 2017 at 10:00 a.m., at which time this Court shall (i) consider approval of the Sale to the Successful Bidder as such term is defined in the Bidding Procedures; (ii) consider the entry of a proposed Sale Order and/or Confirmation Order (which may be one in the same) in form and substance reasonably acceptable to the Debtor and the Successful Bidder; (iii) consider any issues or objections that are timely interposed by any parties; and (iv) grant such other or further relief as this Court may deem just or proper.

      8.      Within seven (7) business days after the entry of this Order, the Debtor and Maltz, as applicable, shall have caused a conformed copy of this Order and the Bidding Procedures to be served by e-mail (where known) and regular mail upon (a) all parties then-

known by Maltz as potentially having an interest in acquiring the Property; (b) the Office of the United States Trustee for the Southern District of New York; (c) counsel for the Lender (186 Spring Street Lender LLC) and the Judgment Creditor (182 Spring Street Associates); (d) the parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (e) all creditors of the Debtor who are listed on the schedules filed by the Debtor or who have filed proofs of claim against the Debtor's estate; and (f) all parties who are known to have asserted a lien against the Property. Such notice shall constitute good and sufficient notice of the proposed Sale, the Auction and the Combined Hearing, and no other or further notice of the proposed Sale, the Auction and the Combined Hearing shall be necessary or required.

9. Objections, if any, to the Sale of the Property to the Successful Bidder shall be filed with this Court and served upon (a) counsel to the Debtor, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, Attn: Kevin J. Nash, Esq.; (b) counsel to the Lender, Otterbourg PC, 230 Park Avenue, New York, NY 10169, Attn: Steven B. Soll, Esq. ; (c) counsel to the Judgment Creditor, Borg Law LLP, 370 Lexington Avenue, Suite 800, New York, NY 10017, Attn: Jonathan Matthew Borg, Esq.; (d) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1600, New York, New York 10014, Attn: Andrew Velez-Rivera, Esq.; and (e) the Successful Bidder so as to be actually received no later than February 20, 2017 at 12:00 noon.

10. The failure of any person or entity to timely file its objection to the proposed Sale to the Successful Bidder shall be a bar to the assertion at the Combined Hearing, or thereafter, of any objection to the relief requested therein, or to the consummation of the Sale (including the permitted transfer of the Property free and clear of all claims, liens, notices of pendency, encumbrances and other adverse interests) with such claims, liens, permitted

3

encumbrances and interests to attach to the sale proceeds with the same extent, validity and priority, if any, as such lien, encumbrance, or interest now has with respect to the Property.

11. The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

12. Nothing contained in this Order precludes any party in interest from objecting to the Sale in accordance with the objections procedures set forth herein.

13. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

DATED:  New York, New York
        January 18, 2017

                                        /S/ Shelley C. Chapman
                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

# BIDDING PROCEDURES
# AND TERMS AND CONDITIONS OF SALE

Nordica Soho LLC ("Debtor" or the "Seller"), as Chapter 11 debtor and debtor in possession is pursuing a sale (the "Sale") of certain property consisting of two parcels at 182-186 Spring Street, New York, New York, (Block 489, Lots 23 and 25) (the "Property") by public auction (the "Auction") to be conducted by Maltz Auctions, Inc., d/b/a Maltz Auctions ("Maltz").

### A.   **Bidding Procedures**

Set forth below are the bidding procedures (the "Bidding Procedures") with respect to the Auction of the Property.  On January ___, 2017, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order granting the motion of the Debtor seeking the approval of the Bidding Procedures to be employed in connection with the Auction.

The Auction shall be the subject of a defined marketing plan to be developed by the Debtor and Maltz including publication on multiple occasions in the New York Times and other New York City real estate publications as designated by the Debtor and Maltz.

### B.   **Property to be Sold Free and Clear**

The Debtor shall sell all of its right title and interest in and to the Property free and clear of all claims, liens, notices of pendency, encumbrances and other adverse interests to the extent permitted by Sections 363(b) and (f) and 1123(a)(5)(D) of the Bankruptcy Code and other applicable law with such claims, liens, permitted encumbrances and interests to attach to the sale proceeds with the same extent, validity and priority, if any, as such lien, encumbrance, or interest now has with respect to the Property.  The Closing shall occur no later than two business days after the effective date of a plan of reorganization or liquidation to be confirmed herein, but in no event later than forty days after the Auction occurs, even if confirmation has not yet occurred by that date, unless extended by Order of the Court.

The sale of the Property shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtor, its agents or its bankruptcy estate except to the extent set forth any actual sale agreement that may be subsequently approved by the Bankruptcy Court.  The sale of the Property is subject to, among other things (a) any state of facts that an accurate survey may show; (b) all covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (e) all existing environmental conditions.

### C.   **Stalking Horse**

Prior to the Auction, Maltz and the Debtor shall continue to seek a stalking horse purchaser for the Property.  In the event a stalking horse purchaser is identified and executes an asset purchase agreement (the "Agreement") acceptable to the Debtor and secured creditors at

least one (1) week prior to the Bid Deadline, as defined below, then the stalking horse purchaser shall be eligible for a break-up fee of 1% (the "Break-Up Fee").  The Break-Up Fee shall be payable solely upon the consummation of the sale of the Property to an entity making the "highest or otherwise best" offer for the purchase of the Property, other than the stalking horse purchaser or a credit bidder. The Break-Up fee shall be paid from the sale proceeds of sale.

    D. **Due Diligence**

Any entity that wishes to conduct due diligence with respect to the Property must complete all due diligence prior to the Bid Deadline.

Interested parties that comply with the foregoing (each such entity referred to as a "Potential Bidder"), shall be permitted to conduct diligence with respect to the Property prior to the Bid Deadline, <u>provided</u> <u>however</u>, that neither the Debtor nor Maltz shall be obligated to furnish any due diligence information after the Bid Deadline (as defined below) but may do so in their discretion.  Maltz shall establish an electronic Data Room for the transaction and auction

    E. **Qualification of Bids and Bidders**

In order to participate in the bidding process and to have a bid considered by the Debtor, each Potential Bidder must (i) execute an Agreement  with a cash purchase price acceptable to the Debtor, or (ii) if the time to execute a stalking horse contract has passed, deliver a written, irrevocable offer satisfying the below criteria (a "Bid"). A sample form Agreement will be posted by Maltz in the Data Room.

"**Qualified Bidder**" is a Bidder that delivers a binding Bid that in the Debtor's sole discretion satisfies the following (a "Qualified Bid"):

    (a) Bid Deadline. Each Bid Package (as defined below) must be delivered in written form to: (i) counsel to the Debtor, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, Attn: Kevin J. Nash, Esq., KNash@gwfglaw.com; and (ii) Maltz at **rmaltz@maltzauctions.com**, so as to actually be received no later than at 4:00 p.m. (prevailing Eastern Time) on February 10, 2017 or such later date as may be designated by the Debtor (the Bid Deadline).

    (b) Bid Package. Each Bid must include (collectively, the "Bid Package"): (i) a written and signed irrevocable written offer stating the (x) the Prospective Bidder offers to consummate a sale transaction for a cash purchase price in an amount and on terms and conditions satisfactory to the Debtor, (y) confirming that the bid will remain irrevocable until one business day following the closing of a Sale to the Successful Bidder (as defined below), and (z) that the Prospective Bidder has had the opportunity to conduct due diligence prior to its offer and does not require further due

        diligence, has relied solely upon its own independent review and investigation and did not reply on any written or oral representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Property, or the completeness of any information provided in connection therewith except as expressly stated in these Bidding Procedures.; and (ii) an executed written Asset Purchase Agreement substantially conforming to the stalking horse contract, if one has been obtained, or in a form otherwise acceptable to the Debtor upon consultation with the Lender and Judgment Creditor.

(c)    Financial Information. The Bid Package must contain such financial and other information that will allow the Debtor to make a determination as to the bidder's financial wherewithal and ability to consummate the transactions contemplated herein.

(d)    Identity of Bidders. Each Potential Bidder must fully disclose the identity of each entity that will be bidding for the Property, as well as disclose the organization form and the business conducted by each entity. Potential Bidders shall be required to provide such additional information as the Debtor may require regarding a bidder's ability to satisfy the requirements of the transaction contemplated herein.

(e)    Deposit. A Potential Bidder must submit funds in the amount of at least $1.5 million as a deposit (the "Deposit"). The Deposit shall be tendered to the Debtor's counsel in the form of a bank check or wire transfer contemporaneously with the stalking horse contract or Bid (the "Deposit"). The Potential Bidder shall forfeit the Deposit if the bidder is the Successful Bidder (defined below) and modifies or withdraws the bid before the consummation of the Sale contemplated, or breaches the Asset Purchase Agreement. The Deposit shall be returned to the bidder (i) as soon as practicable if the bidder is not determined to be a Qualified Bidder or (ii) no later than five business days after entry of the Sale Order if the bidder is a Qualified Bidder (who has not otherwise forfeited its Deposit), but is not the Successful Bidder or the Backup Bidder (defined below). The Debtor will not be required to maintain a Deposit in an interest bearing account, but any interest earned on any Deposit will be remitted to the appropriate Qualified Bidder if the Deposit is returned to the Qualified Bidder pursuant to the above.

      The Debtor shall have the right to determine whether a bid is a Qualified Bid, upon consultation with the 182-186 Spring Street Lender LLC (the "Lender") and 182 Spring Street Associates (the "Judgment Creditor") and shall notify Potential Bidders whether their Bids have been determined to be Qualified Bids prior to the Auction. The Lender and the Judgment

Creditor are deemed to be Qualified Bidders with credit bid rights pursuant to separate agreements between the parties. In connection with a credit bid by the Judgment Creditor, a deposit of only $1,500,000 is required. In addition to the requirements above, the Debtor may request additional information from any Potential Bidder to assist it in making its determination as to whether a Bid is a Qualified Bid.

      F.    **Auction**

The Auction will take place at a downtown location designated by Maltz and shall be governed by the following procedures:

    (a)    Participation. Only the Qualified Bidders will be eligible to participate in the Auction, and each Qualified Bidder shall appear in person at the Auction, or through a duly authorized representative. In the event a Qualified Bidder does not attend the Auction, the relevant Qualified Bid shall nonetheless remain fully enforceable against that Qualified Bidder in accordance herewith. The Debtor will evaluate all Qualified Bids received and, after consultation with the Lender and Judgment Creditor, will select the Qualified Bid that reflects the highest or best offer for the Property as the "Starting Auction Bid".

    (b)    Bidding. Bidding at the Auction shall commence at an amount in excess of the stalking horse contract, if one is procured, and at an amount determined by the Debtor if a stalking horse contract is not received. Qualified Bidders may then submit successive bids in increments of **[$100,000]** (the "Bid Increment"); provided, however, that the Debtor shall retain the right to modify the Bid Increment at the Auction. Any bid submitted after the conclusion of the Auction shall not be considered for any purpose.

    (c)    Successful Bid. The Auction shall continue until there is only one offer that the Debtor determines, upon consultation with the Lender and Judgment Creditor, is the highest or otherwise best offer from among the Qualified Bids submitted at the Auction (the "Successful Bid"). Within one business day after the conclusion of the Auction (but in any event prior to the commencement of the Sale Hearing), the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, and supplement its deposits as applicable so that the deposit equals 12% of the Successful Bid (10% deposit and 2% Buyer's Premium).

    (d)    Anti-Collusion. At the commencement of the Auction, each Qualified Bidder shall be required to confirm in writing that it has

        not engaged in any collusion with any other party with respect to the bidding or the Sale.

(e)     Conduct of Auction. The Auction will be conducted openly with the proceeding being transcribed and each Qualified Bidder being informed of the terms of the previous bid.

(f)     Extensions/Adjournment. The Debtor reserves its rights, in the exercise of its fiduciary obligations, to modify the Bidding Procedures at or prior to the Auction, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing at the Sale Hearing.

### G. **Combined Hearing**

The Successful Bid will be subject to approval by entry of an order (the "Sale Order" or "Confirmation Order") by the Bankruptcy Court after a hearing (the "Combined Hearing") that will take before the Hon. Shelley C. Chapman at the United States Bankruptcy Court, Courtroom 623, One Bowling Green, New York, NY 10004 on February 21, 2017 at 10:00 a.m. (prevailing Eastern Time). The Combined Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court.

Objections, if any, with respect to the approval of the Successful Bidder shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court through the Court's electronic filing system, with a courtesy copy delivered to the Hon. Shelley C. Chapman at the U.S. Bankruptcy Court, One Bowling Green, New York, New York, 10004, and be simultaneously served on: (a) counsel to the Debtor, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, Attn: Kevin J. Nash, Esq.; (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1600, New York, New York 10014, Attn: Andrew Valez-Rivera, Esq.; (c) the Successful Bidder; and (d) the Backup Bidder, (e) counsel to the Lender, Otterbourg PC, 230 Park Avenue, New York, NY 10169, Attn: Steven B. Soll, Esq. and (f) counsel to the Judgment Creditor, Borg Law LLP, 370 Lexington Avenue, Suite 800, New York, NY 10017, Attn: Matthew Borg, Esq. so as to be **actually received no later than February 20, 2017 at 12:00 noon** (the "Objection Deadline").

### H. **Consummation of the Sale**

Following the Combined Hearing, the Successful Bidder must be ready, willing and able to close no later than forty (40) days after the Auction, even if confirmation has not yet occurred although the Debtor can seek to extend the date of the Combined Hearing with the application for cause shown. If for any reason the Successful Bidder fails to consummate the purchase of the Property, based upon a default, then its Deposit shall be forfeited to the Debtor and the Debtor specifically reserves the right to seek all available damages from the defaulting Successful Bidder.

I. **Jurisdiction**

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the Sale of the Property, the Bidding Procedures, the Combined Hearing, the Auction, the Successful Bid and/or any other matter that in any way relates to the foregoing.

16-11856-scc    Doc 35    Filed 01/19/17    Entered 01/19/17 10:41:42    Main Document
Pg 10 of 10