

| | | |
|---|---|---|
| | 230 Park Avenue<br>New York, NY 10169<br>otterbourg.com<br>212 661 9100 | Steven B. Soll<br>Member of the Firm<br>ssoll@otterbourg.com<br>212 905 3650 |

May 26, 2017

**Via Email**

The Chambers of the Hon. Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, New York 10004

                Re:  Nordica Soho LLC – Case No. 16 – 11856 (SCC)

Dear Judge Chapman:

      Otterbourg P.C. is counsel for 182–186 Spring Street Lender LLC (the "First Mortgage Holder"), the holder of the first mortgage on the real property owned by Nordica Soho LLC (the "Debtor"). The purpose of this letter is to request that the Court schedule a status conference regarding the failure of the Debtor to consummate the sale which formed the basis of the *Debtor's Second Amended Chapter 11 Plan of Reorganization* dated February 27, 2017 (the "Plan") **(ECF No. 43)** which was confirmed by the *Order Confirming Debtor's Plan of Reorganization and Approving Sale of Debtor's Property* entered on April 26, 2017 (the "Confirmation Order") **(ECF No. 56)**.  Pursuant to section 9.1(b) of the Plan, the Court retained jurisdiction after confirmation of matters relating to the Plan, including any issues or disputes relating to the Closing on the Sale of the Property.

      As your Honor may recall and as is more specifically set forth in the *Second Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code* dated March 2, 2017 (the "Disclosure Statement") **(ECF No. 44)**, the Plan and the *Second Amended Declaration in Support of Confirmation* of Nanci Hom dated April 6, 2017 (the "Hom Declaration") **(ECF No. 55)**, the Plan was to become effective by virtue of a sale of the real property to 182 Spring Street Associates (the "Second Mortgage Holder"), the holder of the second mortgage on the real property and the successful bidder at the auction conducted on February 15, 2017 in accordance with the *Order Approving Bidding Procedures for Public Auction* entered on January 19, 2017 (the "Bid Procedure Order") **(ECF No. 35)** with a total bid of $23,565,000, including certain credit bid rights after cash payment of the allowed claim of the First Mortgage Holder and certain other payments required under the Plan. The bid was not conditioned upon financing or entry into agreements with any third parties of any kind.  A One Million Five Hundred Thousand Dollar ($1,500,000) deposit was provided by the Second Mortgage Holder as a condition to its bid at the auction.

      Although it was originally contemplated at the time of the auction that a closing of the sale of the property would occur no later than April 27, 2017, as well as the fact that the confirmation hearing was held on April 5, 2017, the Debtor did not submit and obtain entry of the Confirmation Order until April 26, 2017. As was disclosed by Debtor's counsel at the confirmation hearing, the



The Chambers of the Hon. Shelley C. Chapman
May 26, 2017
Page 2

Debtor's principal, Joel Schreiber, is part of a joint venture involving the Second Mortgage Holder in connection with the purchase of the property. After entry of the Confirmation Order, a May 5, 2017 closing date was set. As that date approached, the closing was adjourned to May 11 and, thereafter, to May 18, 2017. In response to the repeated adjournment of the closing dates, I requested that counsel for the Debtor and the Purchaser provide a firm closing date. The parties indicated the closing would occur on May 25, 2017. On the evening of May 24th, we were advised that the closing had been adjourned for the fourth time. My written request for an explanation for the reason for the adjournment has not been responded to by counsel to the Seller or the Second Mortgage Holder. Prior to finalizing this letter, I received an email from Debtor's counsel to counsel to the Second Mortgage Holder inquiring about a possible June 5 or 6, 2017 closing date. The email does not state the reason for the failure of the transaction to close or confirm that those reasons have been resolved, nor has counsel for the Second Mortgage Holder responded to the email.

Based upon the repeated adjournments and the lack of certainty that the transaction will close by June 6, 2017, I respectfully request that the Court schedule a status conference for a day after June 6, 2017 to require counsel for the Debtor and the Second Mortgage Holder, if the transaction has not closed by that date, to report to the Court regarding the current status of the transaction. At the conference, Debtor's counsel should advise the Court regarding the steps the Debtor intends to take regarding the property, forfeiture of the deposit, and the pursuit of damages arising from the Second Mortgage Holder's default of its obligations to consummate the sale, as expressly provided in the Bidding Procedures and Terms and Conditions of Sale approved by the Bid Procedure Order.

Upon being notified that the closing scheduled for May 18th was being further adjourned, counsel for the Debtor and the Second Mortgage Holder were previously advised by me in writing, that if the closing did not occur shortly thereafter I would seek a conference before Your Honor. If the closing occurs on June 5th or 6th, I will advise the Court and request that the conference be marked off the calendar. Each counsel has received a copy of this letter.

Respectfully submitted,

/s/ Steven B. Soll

Steven B. Soll

cc: Kevin Nash, Esq. (via email)
    Jonathan Borg, Esq. (via email)
    Sam Lowinger, Esq. (via email)

4782555.1